1
2
3
4
5

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

STEPHEN RICHARD BARTLETT,

*Petitioner*,

vs.

JAMES BENEDETTI, *et al.*,

*Respondents*.

3:09-cv-00207-ECR-RAM

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on its *sua sponte* inquiry into whether the petition should be dismissed without prejudice for lack of exhaustion, following upon the petitioner's response (#7) to the Court's show cause order (#5).

### *Background*

The petition and accompanying papers reflect the following. Petitioner Stephen Bartlett seeks to set aside a December 31, 2008, Nevada state court conviction, pursuant to a guilty plea, of embezzlement. He did not file a direct appeal.

On or about February 12, 2009, petitioner filed an original petition for a writ of habeas corpus in the Supreme Court of Nevada. On March 12, 2009, the state supreme court declined to exercise its original jurisdiction on the following grounds:

> This is a proper person petition for a writ of habeas corpus. Petitioner challenges the validity of his judgment and sentence. We have reviewed the documents submitted in this matter, *and without deciding upon the merits of any claims, we decline to*

*exercise our original jurisdiction in this matter. A challenge to the validity of the judgment of conviction and sentence must be filed in a post-conviction petition for a writ of habeas corpus filed in the district court in the first instance.*[FN1] NRS 34.724(2)(b); NRS 34.738(1). Accordingly, we

ORDER the petition DENIED.

[FN1] We express no opinion as to whether petitioner could satisfy the procedural requirements of NRS chapter 34.

#1-2, at electronic docketing page 3 (emphasis added).

Petitioner mailed the present federal petition for filing on or about April 10, 2009.

### *Governing Law*

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which his claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See,e.g., Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).

### *Discussion*

Petitioner contends, first, that he wrote a January 24, 2009, letter to the state district judge – after the judgment of conviction -- asking that he be allowed to represent himself and requesting a sentencing modification hearing. He maintains that the state judge did not respond. It is established law, however, that petitioner must fairly present his claims to the

state courts completely through to the state's highest court, the Supreme Court of Nevada. If petitioner wishes to challenge any alleged action or inaction by the state district court, he first must fairly present his challenge to the state supreme court. As discussed further below, petitioner did not fairly present any claims or challenges by filing an original petition in the state supreme court.[1]

Petitioner contends, second, that his original petition in the state supreme court exhausted his claims. He relies upon the state constitution, discussed *infra*, and the holding in *Blair v. Crawford*, 275 F.3d 1158 (9th Cir. 2002), that such an original petition is "properly filed." However, *Blair* held only that an original habeas petition filed in the Nevada Supreme Court constitutes a "properly filed" petition for purposes of tolling of the federal limitation period under 28 U.S.C. § 2244(d)(2). The question of whether a petition was "properly filed" for purposes of tolling the limitation period is a distinct and different question, however, from the question of whether the petition also fairly presented claims to the state courts for purposes of exhaustion. *Blair* did not hold that the original petition exhausted the claims.

In the present case, the Supreme Court of Nevada quite clearly and expressly declined to exercise its original jurisdiction, stated that it did not consider the merits of the petitioner's claims, and stated that the procedure for petitioner to follow was to file a post-conviction petition in the state district court.

It is long-established law that a claim is not fairly presented and is not exhausted when a petitioner fails to present the claim in state district court under available state post-conviction procedures and instead presents the claim in an original petition to the state's high court seeking to invoke an extraordinary discretionary jurisdiction. *See, e.g., Pitchess v. Davis*, 421 U.S. 482, 488, 95 S.Ct. 1748, 1752, 44 L.Ed.2d 317 (1975); *Ex part Hawk*, 321 U.S. 114, 116, 64 S.Ct. 448, 449-50, 88 L.Ed. 572 (1944); *Sweet v. Cupp*, 640 F.2d 233, 238 (9th Cir. 1981). *Accord Lindquist v. Gardner*, 770 F.2d 876 (9th Cir. 1985). *See also Castille*

---

[1] Moreover, petitioner's letter did not fairly present the claims in the federal petition even to the state district court. The letter did not include all of the claims in the federal petition, and a defendant in any event does not exhaust any claims in a state district court simply by writing a letter to the judge after a conviction.

*v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989)(presenting a claim in a procedural context in which the merits of the claim will not be considered, or will be considered only in special circumstances, does not constitute fair presentation of the claim); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994)(applying rule to filing of original petition in state high court).

The Supreme Court of Nevada has a longstanding policy of declining to exercise its original jurisdiction due to the availability of post-conviction remedies in the state district courts. Indeed, in *Blair*, the Ninth Circuit observed that "the Nevada Supreme Court has not issued a writ of habeas corpus under its original jurisdiction since the passage of N.R.S. 34.720 *et seq*." 275 F.3d at 1159.

The Supreme Court of Nevada reaffirmed this longstanding policy of declining to exercise its original jurisdiction in *Hosier v. State*, 121 Nev. 409, 117 P.3d 212 (2005). In *Hosier*, the state high court reiterated its disapproval of the practice of filing of original petitions in that court in the strongest of terms, and the court rejected the same state constitutional argument that petitioner presents in this case:

> In his petition, Hosier . . . argues that Article 6, Section 4 of the Nevada Constitution entitles him to this court's review of the merits of his claims. Article 6, Section 4 provides that this court has jurisdiction to "issue all writs necessary or proper to the complete exercise of its appellate jurisdiction." Based on this language and the Ninth Circuit Court of Appeals decision in *Blair v. Crawford*, Hosier apparently argues that we are compelled to exercise our original jurisdiction to consider the merits of his claims because "procedural and time snarls" have previously prevented this court from reviewing his claims on the merits. . . .
>
> Hosier's arguments are unpersuasive. Although this court retains original jurisdiction to issue writs, this court will not exercise its original jurisdiction to consider a writ petition in a criminal case raising claims that could or should have been raised in an appeal or in an appropriate post-conviction proceeding in the district court. A challenge to the validity of the judgment of conviction should be raised in a post-conviction petition for a writ of habeas corpus filed in the district court in the first instance. A party aggrieved by the district court's resolution of a post-conviction habeas petition may then appeal the decision to this court. Such an appeal completes this court's exercise of its appellate jurisdiction.

> Further, Hosier's reliance upon *Blair* is misplaced. *Blair* does not require this court to exercise its original jurisdiction to consider the merits of claims raised in original petitions filed in this court in the first instance. Rather, *Blair* recognizes that the filing of an original petition in this court serves as a tolling document for federal habeas corpus purposes. In fact, as *Blair* observes, this court "has not issued a writ of habeas corpus under its original jurisdiction since the passage of NRS 34.720 et seq." Thus, we decline to exercise this court's original jurisdiction to consider this original petition challenging the validity of the judgment of conviction.
>
> . . . . .
>
> This court has received a number of similar frivolous petitions seeking this court's exercise of original jurisdiction. These petitions challenge the validity of the judgments of conviction and are in essence thinly-disguised petitions for writs of habeas corpus. We caution such petitioners that deductions of time earned by a prisoner may be forfeited if a court finds that the prisoner has filed a document in a civil action that contains a claim or defense included for an improper purpose, that is not supported by existing law or reasonable argument for a change in existing law, or that contains allegations or information presented as fact for which evidentiary support is not available or is not likely to be discovered after further investigation. These petitions waste scarce judicial resources, and this court will take all appropriate steps necessary to curb abusive and vexatious filings.

121 Nev. at 411-12, 117 P.3d at 213-14 (citations omitted).

In this case, the state high court, consistent with *Hosier*, expressly declined to exercise its original jurisdiction, stated that it did not consider the merits, and directed petitioner to post-conviction remedies in the state district court. The state supreme court is the final arbiter of state constitutional law. It thus is clear that the original petition in this case did not exhaust any claims.

Petitioner contends, third, without citation to apposite authority, that Nevada allegedly already has ruled on his federal issue concerning the Interstate Agreement on Detainers and incorporated the ruling in its state statutes. He maintains that state remedies therefore would be ineffective to protect his rights, that the result already is predetermined, and that the state thus has technically inexhaustible post-conviction procedures. The United States Supreme Court has rejected petitioner's core premise that the exhaustion requirement may be avoided based upon an argument that the state courts allegedly already have ruled on the same issue:

> If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim. Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid.

*Engle v. Isaac*, 456 U.S. 107, 130, 102 S.Ct. 1558, 1573, 71 L.Ed.2d 783 (1982). Petitioner must fairly present all of his claims to the state courts in the first instance.[2]

Petitioner further relies upon *Castille v. Peoples, supra,* for the proposition that the existence of a possibility of further state court review does not bar federal review under the exhaustion doctrine. What the Supreme Court stated, however, was that the possibility of further state court review does not bar federal review "once [a] federal claim has been *fairly presented* to the state courts." 489 U.S. at 350, 109 S.Ct. at 1060 (emphasis in original, quoting prior authority). Petitioner has not fairly presented any of the claims in the federal petition to the state courts.

At bottom, following his December 31, 2008, state court conviction, petitioner has written a letter to the state district court judge and filed an original petition in the state supreme court. Despite then being told by the state supreme court that he instead must file a state post-conviction petition in the state district court, petitioner has filed a federal petition containing wholly unexhausted claims. Petitioner has available procedures to pursue his claims in the state courts, subject to any procedural defenses applicable to those claims, but he has failed to date to utilize those procedures to fairly present his claims.

IT THEREFORE IS ORDERED that the petition shall be DISMISSED without prejudice for lack of exhaustion.

IT FURTHER IS ORDERED that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk shall serve a copy of this order, the judgment, and the petition by sending same by certified mail to the Office of the Attorney General, Criminal Division, 100 North Carson St., Carson City, NV 89701-4717. No response is required.

---

[2]Moreover, petitioner's futility argument does not apply to all of the claims in the petition.

The Clerk of Court shall enter final judgment accordingly, dismissing this action without prejudice.

DATED:   June 16, 2009

_____
EDWARD C. REED
United States District Judge